Ira E. Lloyd v. The First National Bank of
Russell, Kan.

No. 93.

1. Usury—*claim for, is not assignable.* A cause of action for usurious interest paid to a national bank on a note given for a loan of money, is not assignable.

2. ———— *judgment for, is proper set-off against another judgment.* Although a claim for usurious interest against a national bank and the note held by the bank on which such interest was paid, cannot be set off one against the other, yet, when the claim for usury has been reduced to judgment, one judgment may be set off against the other, notwithstanding an attempted assignment of a portion of the claim for usury previous to the rendering of the judgment thereon.

3. Principles of Review—*right decision not reversed because wrong reason given.* When the decision of a trial court is correct it will not be reversed, although insufficient reasons are assigned therefor.

Error from Russell District Court. Hon. W. G. Eastland, Judge. Opinion filed January 10, 1897. *Affirmed.*

A judgment in an action for the recovery of usurious interest exacted in violation of section 5198, Revised Statutes of the United States, 1878, was obtained by one Shafer against the defendant in error. The plaintiff in error acted as Shafer's attorney in the case and received for his services an oral assignment of a part of the judgment. Afterwards the defendant in error obtained, on its part, a judgment against Shafer and one other on their joint note, and thereupon, as plaintiff below, commenced this action, in which the plaintiff in error was made a party defendant, for the purpose of having said judgments set off one against the other, and for the recovery of any balance which might be due to it. The action was tried upon an agreed statement of facts and judgment

rendered for the plaintiff.   The conclusions of law of the trial court are as follows :

"That plaintiff's cause of action and defendant's cause of action upon which respective judgments were rendered, were each founded upon contract, and that the respective causes of action arose in this State and judgments were rendered in this State.

"That the cause of action by plaintiff upon which plaintiff's judgment was rendered, is and was, a proper counterclaim and set-off against defendant's cause of action.

"That the defendant's judgment be set off and applied in payment, so far as the same in amount applies, to the payment of plaintiff's judgment, and that the right of set-off in the Bank is paramount to the claim of Ira E. Lloyd."

The defendant Lloyd brings the case to this court.

*Ira E. Lloyd*, for himself.

*H. L. Pestana*, and *H. G. Laing*, for defendant in error.

GILKESON, P. J.  Can Shafer's claim against the Bank for usurious interest be set off?   This question has been answered by our Supreme Court in the negative.   *Fraker v. Cullum*, 24 Kan. 679.

Mr. Justice Brewer, delivering the opinion of the court, says :

"This depends upon the nature of the cause of action, for unless it is one arising upon contract, it cannot, under our statute, be made a matter of set-off. The cause of action is clearly not founded upon express contract.   The bank never promised to pay Fraker double the usurious interest it had received from him. The only express contract was the other way, and that contract had been performed.   Is it founded upon an implied contract?   The authorities say not.  *Hade v. McVay, Allisson & Co.*, 31 Ohio St. 231 ; *Lucas v. Bank*,

78 Pa. St. 228; *Wiley v. Starbuck*, 44 Ind. 298. The section creates a forfeiture, and in case the party wronged has actually parted with his money, allows him to recover double damages. Usury, says the statute, forfeits all interest. That is the penalty for the forbidden act. It is in the nature of punishment for an infraction of the law. If no interest has been paid, but only contracted to be paid, that is the only effect of the statute. It thus far nullifies the contract, and forbids recovery of such interest. But if it has been paid, the party may recover it back, and as much more. The forfeiture is not avoided by the fact that the contract has been performed; but, as though performance had increased the wrong, the damages are doubled. The cause of action is really one to enforce a forfeiture, but a forfeiture implies no contract. . . . It cannot be justly said that an action to enforce a forfeiture or recover a penalty is one founded upon contract, no matter who is the party chiefly benefited by the recovery."

It is admitted by the defendant in error that Shafer's cause of action against the Bank was not a cause of action arising upon contract, and for this reason the defendant in error contends that it was not assignable. This has been answered in our comments upon the right of a set-off. And as we have there held that the cause of action did not arise upon contract, we are compelled to answer this, under the decisions of the Supreme Court of this State, in the negative.

"At common law no chose in action was negotiable, or even assignable. In equity every chose in action, except a tort, was assignable; but it was assignable subject to all equities that might be set up against it. Under our statutes every chose in action is assignable except a tort the same as it was in equity." *McCrum v. Corby*, 11 Kan. 465, 470; *K. M. Rly. Co. v. Brehm*, 54 id. 751.

It will therefore be seen, that the first conclusion of

law made by the trial court, is erroneous as to the foundation of the defendant's cause of action, and the reason assigned for allowing the counterclaim or set-off. While the claim for usury was not assignable, yet, as soon as it was reduced to a judgment, the nature of the claim was changed. The judgment was of a different nature from a bare, naked, open claim, and could be used as a set-off. But as the decision is correct, it should not be disturbed if a wrong reason is assigned.

The judgment of the trial court will be affirmed.