TERMINAL BANK v. DUBROFF et al.

(Supreme Court, Special Term, Kings County.    January 10, 1910.)

1. USURY (§ 57*)—COMMISSION TO AGENT.

A borrower consulted an attorney, who was the vice president of a trust company and the president of a bank, and solicited him to secure a loan for a bonus. The attorney obtained the money from the bank and the borrower executed a bond and mortgage therefor. There was nothing to show that the attorney acted as an officer of the bank, or that the bank had any knowledge of the agreement as to the bonus, or that it ever received any part thereof. The borrower paid the bonus to the attorney. *Held,* that the loan was not tainted with usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 122, 128, 129; Dec. Dig. § 57.*]

2. USURY (§ 57*)—COMMISSION OF AGENTS.

The fact that a borrower paid an attorney a bonus for procuring a loan from another does not make the transaction usurious.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 122, 128, 129; Dec. Dig. § 57.*]

3. USURY (§ 130*)—DEFENSE—PARTY ENTITLED TO RAISE.

A grantee of land subject to a mortgage to secure a debt cannot raise the defense of usury, which is personal to the borrower.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 386–391; Dec. Dig. § 130.*]

4. BANKS AND BANKING (§ 181*)—LOANS—USURY—REMEDY—STATUTES.

Under Banking Law (Consol. Laws, c. 2) § 74, providing that a bank receiving usurious interest shall forfeit the entire interest, and the person paying the same may recover twice the amount of interest paid, the remedy where a bank exacts usurious interest is by a separate action, and not by setting up the matter as a defense or counterclaim in an action on the debt.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 181.*]

Action by the Terminal Bank against Abraham Dubroff and others. Judgment for plaintiff.

Hirsch & Rasquin, for plaintiff.

Isaac N. Miller, for defendants.

CRANE, J.    Considering the very apparent mistake, if not falsehood, of the defendant Dubroff in denying having sent the letter exhibits, I am forced to discredit his improbable testimony and to accept the version of the transaction given by Mr. Reid and Mr. Frost, the cashier of the Terminal Bank.

Willard P. Reid, in April of 1907, was a practicing attorney at law, vice president of the Williamsburgh Trust Company, and president of the Terminal Bank. To him personally Abraham Dubroff applied for a second mortgage of $6,000 on certain buildings which he was erecting and which were then unfinished. The need for this money to complete the work was very pressing. He saw Mr. Reid at the office of the Williamsburgh Trust Company, not at the offices of the Terminal Bank, and offered to give him a bonus of $600 if he obtained this second mortgage loan of $6,000. After trying elsewhere, Reid informed

Dubroff that he would try to obtain the money from the Terminal Bank, and on the 24th day of April, 1907, did receive the cashier's check of the Terminal Bank for $6,000, drawn "to the order of W. P. Reid, trustee for L. Harry Fisher." Of this money Willard P. Reid, attorney, gave his check on the Williamsburgh Trust Company to Abraham Dubroff for $5,450, and received the bond and mortgage in question, and also a note to the Terminal Bank for $6,000, which indebtedness the bond and mortgage was to secure. It was understood between Reid and Dubroff at the time that for banking purposes the bond and mortgage should run to a dummy named L. Harry Fisher, a clerk, who would immediately assign them to the bank, all of which was done. The $6,000 was loaned by the bank, and a note therefor made by Dubroff, and a bond and mortgage given and executed for its benefit in the name of L. Harry Fisher. The commission of $600 which Reid was to receive for procuring the loan was reduced to $550, which he kept, paying out of it the mortgage tax of $32.50.

There is no evidence that Reid acted in this transaction as an officer of the Terminal Bank, or that the latter had any knowledge of the agreement between him and Dubroff regarding the commission, or that the bank ever received any part thereof. In order to establish the defense of usury, it must be shown that the plaintiff had knowledge of the usury and that it was taken with its consent. Philips v. Mackellar, 92 N. Y. 36; Dilmars v. Sackett, 92 Hun, 381, 36 N. Y. Supp. 690. Upon the trial I questioned Mr. Reid regarding the disposition of the $550, but the line of examination thus suggested was not followed up by defendant's counsel, nor were the books of the bank produced for examination. There is, therefore, no evidence offered by the defendant that the bank received any part of the commission. It was perfectly legal to pay Mr. Reid, the attorney, $550 as a bonus for procuring the loan, and does not make the transaction usurious. Guardian Mutual Life Insurance Company v. Kashaw, 66 N. Y. 544.

Even if the loan were usurious as to the Terminal Bank, the defense cannot be pressed in this case, for the reason that Dubroff and his wife conveyed away the property to other defendants subject to this mortgage. The grantees cannot raise the defense of usury, which is personal to the borrower. De Wolf v. Johnson, 10 Wheat. 392, 6 L. Ed. 343; Sands v. Church, 6 N. Y. 351; Cottle v. County of Erie, 57 App. Div. 449, 67 N. Y. Supp. 996; Freeman v. Auld, 44 N. Y. 53.

Again, under section 74 of the banking law (Consol. Laws, c. 2), knowingly taking or receiving a greater rate of interest than 6 per cent. by a bank shall be held a forfeiture of the entire interest which the evidence of debt carries with it, and the person paying the same may recover twice the amount of the interest thus paid. This statute applies to the securities in question. Schlesinger v. Gilhooly, 189 N. Y. 1, 81 N. E. 619. The remedy, it has been held, where the bank has exacted usurious interest, is to recover the amount in a separate action, and not by setting up the matter as a defense or counterclaim. Caponigri v. Altieri, 165 N. Y. 255, 59 N. E. 87. The case of Schlesinger v. Lehmaier, 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. (N. S.)

626, 123 Am. St. Rep. 591, is applicable where the note was procured from third parties with knowledge that it was void for usury, but is not applicable to loans made directly by the bank to the borrower as in .this case.   It is conceded that Fisher was a mere dummy and advanced no money.

The above conclusions entitle the plaintiff to judgment, which is hereby awarded.