[S. F. No. 13051.  In Bank.—July 15, 1929.]

PRIMO  DEGLI  ESPOSTI,  Appellant,  v.  RIVERS BROTHERS, INC. (a Corporation) et al., Respondents.

Soren X. Christensen and J. C. Wood for Appellant.

Oscar Samuels, J. Samuels and A. Dal Thomson for Respondents.

RICHARDS, J.—This appeal is from a judgment of the superior court of the state of California, in and for the city and county of San Francisco, in favor of the defendants and against the plaintiff, rendered and entered after the court had sustained a general demurrer to the plaintiff's amended complaint without leave to amend. The action was commenced to recover treble the amount of certain interest paid upon a promissory note, secured by a trust deed, under the provisions of section 3 of the act relating to usury (Stats. 1919, p. lxxxiii). The facts upon which the plaintiff relied for his recovery as set forth in his complaint, and repeated in his amended complaint, may be briefly stated as follows: On March 9, 1926, Joseph Varsi and wife exe-

cuted the note and trust deed to which the plaintiff in his complaint refers and which called for a payment of $20,000 with interest monthly in advance at the rate of one per cent per month. During the month of March, 1927, the makers of the note paid to the payees thereof, who are the defendants herein, the sum of $3,170, of which the sum of $3,000 was to be applied upon the principal, and the sum of $170 as advance interest upon the reduced principal for the month extending from March 9, 1927, to April 9, 1927. During the latter period Joseph Varsi and wife conveyed the property described in the trust deed to one Frederick Huelter, subject to the trust deed, for the sum of $17,000. On April 8, 1927, Frederick Huelter paid the defendants $170 as interest on said amount at the rate of one per cent per month from April 9, 1927, to May 9, 1927, and thereafter made four additional monthly payments at said rate upon the note. During the month of August, 1927, Frederick Huelter conveyed the property, subject to the trust deed, to one Harry Schwartz, who, on the same day, conveyed it to the plaintiff. Thereafter the plaintiff paid the interest accruing upon the note at the same rate monthly in advance for five months, the last payment being made on January 9, 1928. The complaint further shows that on March 8, 1928, the plaintiff tendered to the defendants the sum of $11,500, together with the interest amounting to $170 for the month beginning February 9, 1928, and ending on March 9, 1928. At the time of such tender the plaintiff advised the defendants of the assignment to him of whatever right of action existed in said Frederick Huelter for the recovery provided for in section 3 of the Usury Act. The defendants refused to accept these tenders; whereupon the plaintiff deposited the sum thus tendered to the credit of the defendants with the Bank of Italy, which immediately notified the defendants of such deposit. Thereupon the plaintiff commenced this action to recover the sum of $5,100, being treble the amount of the alleged usurious interest paid by the plaintiff and his assignor Huelter, praying that said sum be deducted from the principal due under said indebtedness, and for general relief. The defendants presented a general demurrer to the original complaint, which the trial court sustained, and also presented a general demurrer to the amended complaint, which the trial court also sustained

without leave to amend. The judgment followed from which this appeal has been taken.

There are two points presented by the appellant upon this appeal. The first is that the transaction between the defendants and the original makers of the promissory note and trust deed being usurious, the plaintiff as the transferee of the property affected thereby and which he took by the foregoing several transfers, subject to said indebtedness, is entitled to recover the trebled amount of interest paid by himself and his assignor Huelter upon said obligation. The second point urged by the appellant is that the right of action to recover and to treble the amounts of interest thus paid by his predecessor in interest Huelter was properly assignable and was duly assigned to him. In presenting the first of these propositions the appellant relies upon the recent decisions of this court upholding the view that the transaction which is set forth in his pleadings is a usurious one, and chiefly upon our decision in the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]. ▮ In so doing, however, the appellant entirely overlooks the proposition of law upon which the trial court apparently relied in its order sustaining the defendants' demurrer without leave to amend. That proposition of law, broadly stated, is that a grantee of property taken subject to a usurious loan, the amount of which is deducted from the purchase price, will not be permitted to complain of usury in the inception of the loan. The respondents, on the other hand, present an amplitude of authority upholding this proposition and showing it to be in this as well as in most other jurisdictions in this country well settled law. The following are some of the leading cases upon which the respondents thus rely: *Matthews* v. *Ormerd*, 140 Cal. 578 [74 Pac. 136]; *Trusdale* v. *Dowdle*, 47 N. J. Eq. 396 [20 Atl. 972]; *Terminal Bank* v. *Dulroff*, 66 Misc. Rep. 100 [120 N. Y. Supp. 609]; *Brown* v. *Jones*, 89 Misc. Rep. 536 [152 N. Y. Supp. 571]; *Stein* v. *Indianapolis Building etc. Assn.*, 18 Ind. 237 [81 Am. Dec. 353]; *Essley* v. *Sloan* (Ill.), 6 N. E. 449; *Key West Wharf & Coal Co.* v. *Porter*, 63 Fla. 448 [Ann. Cas. 1914A, 173, 188, 58 South. 599], and cases cited. The appellant has furnished us no reply to the point thus presented, nor to the foregoing list of persuasive authorities, and we are satisfied that none could be made, and hence

the trial court in reliance upon the foregoing legal principle was justified in sustaining the defendants' demurrer without leave to amend.

As to the second proposition urged by the appellant to the effect that he is also suing as the assignee of Huelter for the recovery of the usurious interest which the latter had paid prior to his transfer of the property, there are two sufficient answers, the first of which is that Huelter as a transferee of the property from the Varsis, subject to said mortgage and trust deed, was not himself entitled under the foregoing principle of law to recover any usurious interest which he may have paid, and therefore had nothing which was assignable to the plaintiff. ■ The second answer is that the right which the original maker of a usurious note and mortgage is given under section 3 of the Usury Act to recover such interest and to treble the same is in the nature of a statutory penalty, and, under the authorities from other jurisdictions, which we hereby approve, is not assignable. In the case of *Pardoe* v. *Iowa State Bank*, 106 Iowa, 345 [76 N. W. 800], a statute containing the same language as that of the usury law of this state was so construed with a quite abundant reference to authorities. A similar ruling was made by the Supreme Court of Kansas upon the terms of a similar statute in the case of *Lloyd* v. *First Nat. Bank*, 5 Kan. App. 512 [47 Pac. 575]. (See, also, *Robinson* v. *St. Maries Lumber Co.*, 34 Idaho, 707 [204 Pac. 671]; 21 R. C. L., p. 211, sec. 6; Ann. Cas. 1916D, 886, 893, and notes; *Allen* v. *Petty*, 58 S. C. 240 [36 S. E. 586]; *First State Bank etc.* v. *Bank of Jefferson*, 112 Okl. 177 [240 Pac. 311].) In opposition to these authorities the appellant presents a few cases which are inconclusive for the reason that they relate in the main to conditions unlike those presented in the instant case, the only authority directly supporting the appellant's position being that of *Taylor* v. *Sturgis*, 29 Tex. Civ. App. 270 [68 S. W. 538], which is commented upon in Ann. Cas. 1916D, at page 893, as being the "Texas rule" and as being opposed to the overwhelming weight of authority from other jurisdictions. However, we are of the opinion that there is no merit in this, the appellant's second contention, for the reason first above stated.

The judgment is affirmed.

Preston, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.