[No. S151615. June 29, 2009.]

AMALGAMATED TRANSIT UNION, LOCAL 1756, AFL-CIO, et al.,
Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FIRST TRANSIT, INC., et al., Real Parties in Interest.

994

COUNSEL

Neyhart, Anderson, Flynn & Grosboll, John L. Anderson, Scott M. De Nardo and Benjamin K. Lunch for Petitioners.

Davis, Cowell & Bowe, John J. Davis, Jr., and Paul L. More for Heat and Frost Insulators Local 16, Plumbers and Steamfitters Local 159, Plumbers and Steamfitters Local 393 and Plasterers Local 200 as Amici Curiae on behalf of Petitioners.

Neighborhood Legal Services of Los Angeles County, David Pallack, José Tello, Linda Fang; National Employment Law Center, Laura Moskowitz; Legal Aid Foundation of Los Angeles, Anel Flores; Asian Pacific American Legal Center, Yungsuhn Park; Legal Aid Society—Employment Law Center, Matthew Goldberg; The Worksafe Law Center, Danielle Lucido; The Watsonville Law Center and Dori Rose Inda for Garment Worker Center, Inquilinos Unidos, Maintenance Cooperation Trust Fund, Yamin Yan and Yao Zhang as Amici Curiae on behalf of Petitioners.

California Rural Legal Assistance, Inc., Cynthia L. Rice, Blanca Bañuelos, Michael L. Meuter and Julie Montgomery for Jose Arias and California Rural Legal Assistance Foundation as Amici Curiae on behalf of Petitioners.

Altshuler Berzon, Scott A. Kronland and Barbara J. Chisholm for American Federation of Labor and Congress of Industrial Organizations, International Brotherhood of Teamsters, Laborers International Union of North America, Service Employees International Union, United Brotherhood of Carpenters, United Food and Commercial Workers International Union and Unite Here as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

McMahon Berger, James N. Foster, Jr., Michelle M. Cain; Kampe & Kampe and K. W. Kampe III for Real Party in Interest First Transit, Inc.

Gleason & Favarote, Paul M. Gleason, Torey J. Favarote and Richard Y. Chen for Real Party in Interest ATC/Vancom, Inc.

Fulbright & Jaworski, Marcus Torrano, Rachel Salvin; Jenkens & Gilchrist, Margaret Rosenthal and Sabrina L. Shadi for Real Parties in Interest Progressive Transportation Services, Inc., and Coach USA Transit Service.

Littler Mendelson, Theodore R. Scott and Tami Falkenstein-Hennick for Real Party in Interest Laidlaw Transit Services, Inc.

O'Melveny & Myers, Scott H. Dunham, Ryan W. Rutledge; Law Offices of Steven Drapkin, Steven Drapkin, National Chamber Litigation Center, Inc., and Robin S. Conrad for Employers Group, California Employment Law Council, Chamber of Commerce of the United States of America and California Chamber of Commerce as Amici Curiae on behalf of Real Parties in Interest.

Deborah J. La Fetra, Timothy Sandefur and Elizabeth A. Yi for Pacific Legal Foundation as Amicus Curiae on behalf of Real Parties in Interest.

## OPINION

**KENNARD, J.**—At issue here are two state laws. One is the unfair competition law, which allows a private party to bring an unfair competition action on behalf of others (Bus. & Prof. Code, § 17203), but only if the person "has suffered injury in fact and has lost money or property as a result of the unfair competition." (*Id.*, § 17204.) The other law is the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.), which provides that an "aggrieved employee" may bring an action to recover civil penalties for violations of the Labor Code "on behalf of himself or herself and other current or former employees . . . ." (Lab. Code, § 2699, subd. (a).)

This case presents two issues. First, may a plaintiff labor union that has *not* suffered actual injury under the unfair competition law, and that is *not* an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, nevertheless bring a representative action under those laws (1) as the assignee of employees who have suffered an actual injury and who are aggrieved employees, or (2) as an association whose members have suffered actual injury and are aggrieved employees? The answer is "no." Second, must a representative action under the unfair competition law be brought as a class action? The answer is "yes," for the reasons stated in the companion case of *Arias v. Superior Court* (2009) 46 Cal.4th 969 [95 Cal.Rptr.3d 588, 209 P.3d 923].

### I

Seventeen individual plaintiffs and two labor unions—Amalgamated Transit Union, Local 1756, AFL-CIO, and Teamsters Joint Council 42, AFL-CIO (plaintiff unions)—brought this action against defendants First Transit, Inc., Progressive Transportation Services, Inc., and Laidlaw Transit Services, Inc.

In the fourth amended complaint plaintiff unions alleged: (1) they are the representatives of defendants' employees; (2) this action is brought on behalf of themselves and "all aggrieved transportation industry employees and

former employees employed by" defendants; and (3) over 150 employees and former employees of defendants have assigned to plaintiff unions their rights under the unfair competition law and the Labor Code Private Attorneys General Act of 2004, "including the right to sue in a representative capacity." With respect to the individual plaintiffs, they allege they are bringing this action on behalf of themselves as well as on behalf of current and former employees of defendants.

The fourth amended complaint further alleged that defendants have violated the unfair competition law, and that defendants are subject to civil penalties under the Labor Code Private Attorneys General Act of 2004 for failing to provide meal or rest periods as required by the Labor Code and by an Industrial Welfare Commission wage order. The complaint sought injunctive relief; restitution of $10,608,000 in unpaid wages; in lieu of unprovided meal and rest periods, 30 days' wages for each employee who was terminated without being paid; $2,626,500 in civil penalties; prejudgment interest; and attorney fees.

The case was assigned to a judge in the complex litigation program of the Los Angeles County Superior Court. The judge held an initial status conference, determined that this case was one of five related actions, and designated this action as the lead case. The parties stipulated to a briefing schedule and to a hearing date on which the trial judge would decide threshold legal issues, such as whether plaintiff unions had standing to sue and whether this representative action must be brought as a class action.

After briefing and oral argument, the trial court ruled: (1) plaintiff unions lack standing under the unfair competition law because they have not suffered actual injury, and they lack standing under the Labor Code Private Attorneys General Act of 2004 because they are not "aggrieved employees"; (2) employee assignments of rights to plaintiff unions did not confer standing on the unions to prosecute the claims in question, as doing so would circumvent the requirements of both the unfair competition law and the act and would render meaningless recent voter-enacted amendments to the unfair competition law; and (3) the unfair competition law claims brought on behalf of others must be brought as a class action.

Plaintiff unions petitioned the Court of Appeal for a writ of mandate and a stay of the trial court's ruling. After issuing a stay and an order to show cause, a divided Court of Appeal panel denied the petition. We granted plaintiff unions' petition for review.

## II

We begin with a summary of the relevant aspects of both the unfair competition law and the Labor Code Private Attorneys General Act of 2004, the two state laws at issue here.

### A. *Unfair Competition Law*

 The unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice . . . ." (Bus. & Prof. Code, § 17200.) Before 2004, the unfair competition law allowed "any person acting for the interests of itself, its members or the general public" to seek restitution or injunctive relief against unfair acts or practices. (Bus. & Prof. Code, former § 17204, added by Stats. 1977, ch. 299, § 1, p. 1202.) Thus, under the former law a plaintiff did not have to show any actual injury, and a representative action brought under the unfair competition law did not have to be brought as a class action. (Former §§ 17203, 17204; *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 126, fn. 10 [96 Cal.Rptr.2d 485, 999 P.2d 718]; *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 561 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; see *Corbett v. Superior Court* (2002) 101 Cal.App.4th 649, 680–681 [125 Cal.Rptr.2d 46].)

But that changed in 2004, when voters, exercising their constitutionally granted power of initiative, enacted Proposition 64. In the preamble to that measure the voters declared that the broad standing permitted by the unfair competition law had been abused. (See *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228 [46 Cal.Rptr.3d 57, 138 P.3d 207].) Proposition 64 amended the unfair competition law to allow private representative claims for relief to be brought only by those persons who satisfied the law's new standing requirements and who complied with Code of Civil Procedure section 382.[1] (Bus. & Prof. Code, § 17203.) The law now requires that a representative claim, that is, a claim seeking relief on behalf of others (*id.*, § 17203), may be brought only by a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" (*id.*, § 17204).[2] This replaced the former standing provision which had allowed an unfair competition law action to be brought "by any person acting for the interests of itself, its members or the general public." (Bus. & Prof. Code, former § 17204.)

---

[1] Code of Civil Procedure section 382 states: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

[2] Business and Professions Code section 17203 states in relevant part: "Any person may pursue representative claims or relief on behalf of others only if the claimant meets the

### B. *Labor Code Private Attorneys General Act of 2004*

■ In September 2003, the Legislature enacted the Labor Code Private Attorneys General Act of 2004. (Lab. Code, § 2698 et seq., Stats. 2003, ch. 906, § 2, eff. Jan. 1, 2004.) The act permits a civil action "by an aggrieved employee on behalf of himself or herself and other current or former employees" to recover civil penalties for violations of other provisions of the Labor Code. (Lab. Code, § 2699, subd. (a).) It defines an " 'aggrieved employee' " as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was [*sic*] committed." (*Id.*, § 2699, subd. (c).)

### C. *Summary*

■ Both the unfair competition law and the Labor Code Private Attorneys General Act of 2004 require a plaintiff to have suffered injury resulting from an unlawful action: under the unfair competition law by unfair acts or practices; under the act, by violations of the Labor Code. Here, plaintiff unions concede that they do not satisfy these requirements. They insist, however, that under either law they have standing to sue in a representative capacity as the assignees of defendants' employees who did sustain injury. We explore the assignment issue below.

### III

■ The legal concept of assignment refers to the transferability of all types of property, including a cause of action. (*Essex Ins. Co. v. Five Star Dye House, Inc.* (2006) 38 Cal.4th 1252, 1259 [45 Cal.Rptr.3d 362, 137 P.3d 192].) A cause of action, sometimes called a "thing in action," "is a right to recover money or other personal property by a judicial proceeding." (Civ. Code, § 953.) "A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner." (*Id.*, § 954.) "An obligation is a legal duty, by which a person is bound to do or not to do a certain thing." (*Id.*, § 1427.)

At issue here is whether under the unfair competition law an assignment of a cause of action can confer standing on an *uninjured* assignee, and whether a

standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by [specified government attorneys]."

 Business and Professions Code section 17204 provides: "Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by [specified government attorneys] . . . or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

cause of action under the Labor Code Private Attorneys General Act of 2004 is assignable. In both instances, the answer is "no," as discussed below.

## A

We noted earlier that through Proposition 64 the California electorate in 2004 amended the unfair competition law by requiring the plaintiff to be one "who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204; see, *ante*, at p. 1000, fn. 2; Voter Information Guide, Gen. Elec. (Nov. 2, 2004) official title and summary, p. 38.) As the trial court and the Court of Appeal here pointed out, that requirement would be nullified if a person claiming actual injury from some unfair business practice were allowed to assign that claim to one who has suffered no injury. We agree. Below, we explain why.

■ An assignment requires very little by way of formalities and is essentially free from substantive restrictions. "[I]n the absence of [a] statute or a contract provision to the contrary, there are no prescribed formalities that must be observed to make an effective assignment. It is sufficient if the assignor has, in some fashion, manifested an intention to make a present transfer of his rights to the assignee." (9 Corbin on Contracts (rev. ed. 2007) § 47.7, pp. 147–148; see Rest.2d Contracts, §§ 317, 324.) Generally, interests may be assigned orally (Civ. Code, § 1052; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 709, p. 795), and assignments need not be supported by any consideration (Civ. Code, § 1040; *National R. Co. v. Metropolitan T. Co.* (1941) 17 Cal.2d 827, 831 [112 P.2d 598]; 9 Corbin on Contracts, *supra*, § 48.1, pp. 159–160; see Rest.2d Contracts, § 332).

■ To allow a *noninjured assignee* of an unfair competition claim to stand in the shoes of the *original, injured claimant* would confer standing on the assignee in direct violation of the express statutory requirement in the unfair competition law, as amended by the voters' enactment of Proposition 64, that a private action under that law be brought *exclusively* by a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204; see, *ante*, at p. 1000, fn. 2; Voter Information Guide, Gen. Elec. (Nov. 2, 2004) official title and summary, p. 38 [Proposition 64 permits one to bring unfair competition law action "only if *that individual* was actually injured by . . . an unfair business practice" (italics added)].) Accordingly, we conclude that under the unfair competition law an injured employee's assignment of rights cannot confer standing on an uninjured assignee.

## B

With respect to the Labor Code Private Attorneys General Act of 2004, an action brought under it is also not assignable, as we explain below.

■ The Labor Code Private Attorneys General Act of 2004 permits an " 'aggrieved employee' "—that is, an employee against whom a violation of a provision of the Labor Code was committed (Lab. Code, § 2699, subd. (c))—to bring an action "on behalf of himself or herself and other current or former employees" to recover civil penalties for violations of other provisions of the Labor Code (*id.*, § 2699, subds. (a), (g)). In bringing such an action, the aggrieved employee acts as the proxy or agent of state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public, not to benefit private parties. (*Arias v. Superior Court, supra,* 46 Cal.4th at pp. 985–986; see *People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 17 [141 Cal.Rptr. 20, 569 P.2d 125].)

■ A cause of action is transferable, that is, assignable, by its owner if it arises out of a legal obligation or a violation of a property right. (Civ. Code, § 954.) The Labor Code Private Attorneys General Act of 2004 does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies. As we have held in the past, the right to recover a statutory penalty may not be assigned. (*Esposti v. Rivers Brothers, Inc.* (1929) 207 Cal. 570, 573 [279 P. 423]; *Peterson v. Ball* (1931) 211 Cal. 461, 468–470 [296 P. 291]; *Western Mortgage etc. Co. v. Gray* (1932) 215 Cal. 191, 198 [8 P.2d 1016]; 1 Witkin, Summary of Cal. Law, *supra,* Contracts, § 728, p. 811.) Therefore, under the Labor Code Private Attorneys General Act of 2004 an aggrieved employee cannot assign a claim for statutory penalties because the employee does not own an assignable interest.

We turn next to plaintiff unions' claim that they may nevertheless maintain the actions as entities in their own right based on the legal concept of associational standing.

## IV

■ Under the doctrine of associational standing, an association that does not have standing in its own right may nevertheless have standing to bring a lawsuit on behalf of its members. The doctrine was developed in the federal courts under the "case or controversy" requirement of article III of the United States Constitution.

The United States Constitution limits the jurisdiction of federal courts to "cases" or "controversies." (U.S. Const., art. III, § 2; 1 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure (4th ed. 2007) § 2.13, p. 246.) In construing the scope of this constitutional provision, the United States Supreme Court has held that an association, such as a labor union, may bring an action on behalf of its members when the association itself would not otherwise have standing. Associational standing exists when: "(a) [the association's] members would otherwise have standing to sue in their own right; (b) the interests [the association] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (*Hunt v. Washington Apple Advertising Comm'n* (1977) 432 U.S. 333, 343 [53 L.Ed.2d 383, 97 S.Ct. 2434] (*Hunt*).)

Here, plaintiff unions argue that the voters' enactment of Proposition 64 incorporated the federal doctrine of associational standing into California's unfair competition law. We disagree. Such incorporation did not occur; indeed, the amendments that Proposition 64 made to the unfair competition law are inconsistent with the doctrine of associational standing, as explained below.

 In proposing the amendment to the unfair competition law, section 1 of Proposition 64 sets forth its findings and declarations of purpose. Subdivision (e) of section 1 states: "It is the intent of the California voters in enacting this act to prohibit private attorneys from filing lawsuits for unfair competition where they have no client who has been *injured in fact under the standing requirements of the United States Constitution.*" (Voter Information Guide, Gen. Elec. (Nov. 2, 2004) text of proposed law, p. 109, italics added.) That intent is reflected in the amended statutory language stating that an unfair competition law action can be brought only by a person who has suffered *"injury in fact."* (Bus. & Prof. Code, § 17204, italics added.) This standing requirement is inconsistent with the federal doctrine of associational standing. That doctrine applies only when the plaintiff association has *not* itself suffered actual injury but is seeking to act on behalf of its members who have sustained such injury. (See *Automobile Workers v. Brock* (1986) 477 U.S. 274, 281 [91 L.Ed.2d 228, 106 S.Ct. 2523]; *Hunt, supra,* 432 U.S. at p. 342; Tribe, American Constitutional Law (3d ed. 2000) § 3-20, p. 451.)

Nor do plaintiff unions here have associational standing under the Labor Code Private Attorneys General Act of 2004. The act permits an "aggrieved employee" to bring an action on behalf of himself or herself and other current or former employees to recover civil penalties for Labor Code violations. (Lab. Code, § 2699, subd. (a).) An " 'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of

the alleged violations was committed." (*Id.*, § 2699, subd. (c).) Because plaintiff unions were not employees of defendants, they cannot satisfy the express standing requirements of the act.

Insisting that they have standing as associations, plaintiff unions point to Labor Code section 2699.3, subdivision (a). That provision allows the "aggrieved employee *or representative*" (italics added) to give written notice of alleged labor violations to both the employer and the Labor and Workforce Development Agency, and it describes the range of decisions the agency can make. There is nothing in that provision, however, that relates to standing to bring an action under the Labor Code Private Attorneys General Act of 2004.

To summarize, a plaintiff has standing to bring an unfair competition law action only if the plaintiff has suffered "injury in fact" (Bus. & Prof. Code, § 17204), and a plaintiff has standing to bring an action under the Labor Code Private Attorneys General Act of 2004 only if the plaintiff is an " 'aggrieved employee' " (Lab. Code, § 2699, subds. (a), (c)). Associations suing under either law are not exempt from these express statutory standing requirements.

## V

Plaintiff unions challenge the Court of Appeal's conclusion that all unfair competition law actions seeking relief on behalf of others, including those brought by representative or associational plaintiffs, must be brought as class actions. We agree with the Court of Appeal. In the companion case of *Arias v. Superior Court*, *supra*, 46 Cal.4th at pages 978–980, we rejected a similar challenge.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

**WERDEGAR, J.,** Concurring.—I concur in the judgment. However, as I explain in my concurring opinion in the companion case of *Arias v. Superior Court* (2009) 46 Cal.4th 969, 988 (conc. opn. of Werdegar, J.), I do not agree with the majority's conclusion that the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) (UCL), as amended by Proposition 64 (Gen. Elec. (Nov. 2, 2004)), literally or invariably requires that representative actions be brought as class actions.

I do agree with the majority that the plaintiff unions in this case may not properly bring representative actions under the UCL. As the majority explains, the UCL as amended by Proposition 64 clearly and expressly confers

standing to bring a representative action only on a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204; see maj. opn., *ante*, at p. 1002.) Plaintiffs' concession that they do not satisfy these absolute statutory requirements necessarily disposes of any argument they might make for standing.

Because the UCL and plaintiffs' concession negate standing in this case, the majority's discussion of associational standing (maj. opn., *ante*, at pp. 1003–1005) is unnecessary to the decision. I agree with the majority that Proposition 64 did not incorporate wholesale the *federal* doctrine of associational standing, as set out in such cases as *Hunt v. Washington Apple Advertising Comm'n* (1977) 432 U.S. 333 [53 L.Ed.2d 383, 97 S.Ct. 2434], but California has its own distinct and well-established law of associational standing based not on federal law but rather on Code of Civil Procedure section 382. (E.g., *Professional Fire Fighters, Inc. v. City of Los Angeles* (1963) 60 Cal.2d 276, 283–285 [32 Cal.Rptr. 830, 384 P.2d 158]; *Del Mar Beach Club Owners Assn. v. Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 907–908 [176 Cal.Rptr. 886]; *Raven's Cove Townhomes, Inc. v. Knuppe Development Co.* (1981) 114 Cal.App.3d 783, 793–796 [171 Cal.Rptr. 334].) Because plaintiffs do not rely on this body of law, the majority does not address it. I do not understand the majority opinion to hold that an association that *has* suffered injury in fact and lost money or property (see Bus. & Prof. Code, § 17204) may not represent its members as the plaintiff in a UCL action.