Filed 9/11/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ALFREDO SANCHEZ et al., | C083268 |
| Plaintiffs and Appellants, | (Super. Ct. Nos. STKCVUOE20090018866, 39200900228305CUOESTK) |
| v. | |
| MIGUEL A. MARTINEZ, | |
| Defendant and Appellant | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Barbara A. Kronlund, Judge. Affirmed.

California Rural Legal Assistance, Inc., Cynthia L. Rice, Esmeralda Zendejas and Sandra Reynoso for Plaintiffs and Appellants.

Law Offices of Corren & Corren, Adam Blair Corren and Spencer D. Sinclair for Defendant and Appellant.

Plaintiffs in this case are five farm laborers[1] who filed suit against Miguel A. Martinez, their former employer, based on alleged violations of various labor laws.

We first considered their claims three years ago in *Sanchez et al. v. Martinez* (Jan. 12, 2016, C076852) [nonpub. opn.] (*Sanchez*). In our initial review, we considered plaintiffs' appeal from a judgment that rejected all their claims against Martinez. Although we affirmed the judgment for the most part, we reversed to allow plaintiffs to proceed on two of their claims—one of which concerned Martinez's failure to pay plaintiffs for rest periods, and another of which was derivative of their rest-period claim. As we explained, Martinez was obligated to pay his employees for the time they spent on authorized rest periods. But, we found, nothing in the evidence showed he had ever paid his employees for this time. We thus remanded to allow the trial court to determine appropriate damages and penalties based on this failure. After our remand, the trial court did as we directed.

Both parties now raise various challenges to the trial court's calculation of damages and penalties. Plaintiffs contend the trial court undervalued their damages and wrongly rejected several of their claims for penalties. Martinez, in turn, asserts that insufficient evidence supports the trial court's calculation of damages and penalties. Because we find none of the parties' several claims warrants reversal, we affirm the trial court's decision.

BACKGROUND

We take much of the facts from our initial opinion in this matter.

"[I]n October 2009, seven plaintiffs—including [two] who are still before us—commenced this action against Martinez for various labor law violations that allegedly

---

[1]    Alfredo Sanchez, Delfino Sanchez Gatica, Calixtro Miliano, Francisco Pantoja, and Rafael Villa Reyna.

2

occurred when they worked for him pruning grape vines at a piece rate[2] in January 2009." (*Sanchez, supra*, C076852.) Plaintiffs later amended their complaint to add several additional plaintiffs, including the three other plaintiffs in this appeal. (*Id.* at pp. 2-3 & fn. 1.) "Ultimately, in May 2013, plaintiffs filed a third amended complaint alleging violations in 2009, 2010, and 2011." (*Id.*)

"The case was tried to the court in February 2014. Following the completion of plaintiffs' case-in-chief, Martinez made a motion for judgment . . . . The court granted judgment against six plaintiffs who failed to appear and testify at trial and against three plaintiffs the court found never worked for Martinez . . . . Following the presentation of the remainder of the evidence, the court found in favor of Martinez on all causes of action and entered judgment accordingly." (*Sanchez, supra*, C076852.)

Plaintiffs afterward appealed that judgment, leading to our first review of their claims in 2016. Although we rejected the majority of their claims, we found several issues warranted reversal and further consideration by the trial court. In particular, as relevant here, we reversed the trial court's judgment "as to plaintiffs' rest period cause of action and plaintiffs' [derivative] cause of action under the Labor Code Private Attorneys General Act." (*Sanchez, supra*, C076852.) We explained that Martinez was obligated to pay his employees for the time they spent on authorized rest periods, which plaintiffs were entitled to receive for every four hours "or major fraction thereof" worked. (*Id.* at pp. 25-26; see Cal. Code Regs., tit. 8, § 11140, subd. (12) ["authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof"].) But, we concluded, "there is no evidence plaintiffs were compensated for rest periods separately from the piece-rate compensation they received for the grapevines they pruned." (*Sanchez, supra*, C076852.) We thus

---

[2]     An employee paid on a "piece rate" basis is paid per unit produced or task accomplished. In our case, plaintiffs were paid per grapevine pruned.

3

reversed the trial court's decision to the extent it found plaintiffs were compensated for this time, and directed the court, on remand, to determine (1) the damages owed to plaintiffs based on Martinez's failure to provide compensation for rest periods, and (2) the penalties owed to plaintiffs under the Labor Code Private Attorneys General Act based on this same failure to compensate for rest periods. (*Sanchez, supra,* C076852.)

On remand, following further briefing and argument from the parties, the trial court directed Martinez to pay $416 in damages and $17,775 in civil penalties.

Plaintiffs timely appealed and Martinez afterward cross-appealed. Both parties challenge the trial court's calculation of damages and penalties.[3]

DISCUSSION

I

*Calculation of Damages*

We consider first the parties' competing claims concerning the trial court's calculation of damages for plaintiffs' unpaid rest periods.

A. *Plaintiffs' Claims*

We start with plaintiffs' claims. At the trial level, plaintiffs sought to be compensated twice for the days they took rest breaks without pay. First, they alleged they were entitled to be paid the minimum wage for the actual time they went unpaid. Second, they asserted they were further entitled to an "additional hour of pay" under Labor Code[4] section 226.7—which, at the time relevant here, required an employer to pay "one additional hour of pay" when it failed to provide an employee a rest period "in

---

**3**     Plaintiffs request that we take judicial notice of two documents prepared by the Department of Industrial Relation's Division of Labor Standards Enforcement (DLSE). One is a DLSE memorandum concerning meal and rest period pay and the other is a portion of DLSE's Enforcement Policies and Interpretations Manual. We grant plaintiffs' request. (See Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

**4**     Undesignated statutory references are to the Labor Code.

4

accordance with an applicable order of the Industrial Welfare Commission." (Former §
226.7, subd. (b); Stats. 2000, ch. 876, § 7.) The trial court, however, only accepted their
latter argument, reasoning that section 226.7 offers "the only compensation for rest
period violation injuries" and thus precludes compensation under separate theories.

On appeal, plaintiffs contend the court instead should have compensated them
under both their theories. We disagree, though our reasoning is somewhat different than
the trial court's own.

### 1. *The Merits of Plaintiffs' Two Theories of Recovery*

To begin, unlike the trial court, we find both plaintiffs' theories of recovery to be
legitimate types of claims.

Consider first plaintiffs' argument that they are entitled to be paid the minimum
wage for the actual time that they took rest breaks without pay. Our court in 2013
accepted that very type of argument in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th
864 (*Bluford*). As we wrote there, "rest periods must be separately compensated in a
piece-rate system," either under "the legal minimum wage or the contractual hourly
rate"—a principle now codified, with slight tweaking, in section 226.2. (*Bluford,* at p.
872; see also § 226.2, subd. (a).) We reached that conclusion in large part based on an
Industrial Welfare Commission wage order that applies to employees in the mercantile
industry. (*Bluford,* at pp. 871-872; see Cal. Code Regs., tit. 8, § 11070, subd. (1).)
According to that wage order, rest periods are considered "hours worked," and
employees—even if paid on a piece-rate basis—must be paid at least the minimum wage
for all "hours worked." (*Bluford,* at pp. 871-872; see also Cal. Code Regs., tit. 8, §
11070, subds. (4), (12).) Although our case does not involve employees in the mercantile
industry, another wage order supplies the very same rule for employees, like plaintiffs
here, who work in the agricultural industry. (See Cal. Code Regs., tit. 8, § 11140, subds.
(1), (4), (12).) We thus find plaintiffs' *Bluford* theory of recovery based on their actual

unpaid rest-period time—in effect, a claim for unpaid wages for certain "hours worked"—is a legitimate one.[5]

In this regard, we disagree with the trial court. According to the trial court, plaintiffs' theory of recovery based on actual unpaid time was foreclosed by a certain comment from the California Supreme Court's decision in *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094 (*Murphy*). The Supreme Court there explained that employees forced to work during rest periods lose a benefit to which the law entitles them, and then noted that "Section 226.7 provides the only compensation for these injuries." (*Id.* at p. 1104.) In the trial court's view, this comment shows that section 226.7 offers "the only compensation for rest period violation injuries"—barring plaintiffs' alternative theory of compensation based on actual unpaid time.

We read *Murphy* differently. The *Murphy* court's "only compensation" comment was made in reference to employees who are wrongly forced to work during rest periods. And as far as we are aware, it is true, as the *Murphy* court noted, that section 226.7 provides these employees with their only means of compensation for these injuries. But our case involves a different type of injury—namely, injuries premised on an employer's failure to pay for authorized rest periods. And as *Bluford* shows, employees suffering

---

[5] Had the relevant events here occurred after 2016, rather than rely solely on *Bluford* and wage orders, we would have relied more on section 226.2—again, a statute that codified *Bluford*'s holding. That statute, among other things, provides that "employees compensated on a piece-rate basis . . . . [¶] shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation." (§ 226.2, subd. (a), (a)(1).) It further details the amount of compensation owed employees for this time, though it calculates the required compensation in a manner somewhat different than *Bluford*. (§ 226.2, subd. (a)(3)(A).) But section 226.2 became effective only in 2016, years after the relevant events here, and courts have construed this particular part of section 226.2 to have only a prospective effect. (*Nisei Farmers League v. Labor & Workforce Development Agency* (2019) 30 Cal.App.5th 997, 1018.) We thus focus on *Bluford* and other pre-2016 law, not section 226.2, in evaluating plaintiffs' claims.

6

those types of injuries can indeed seek to be compensated for their actual unpaid time, either under "the legal minimum wage or the contractual hourly rate." (*Bluford*, *supra*, 216 Cal.App.4th at p. 872; see also § 226.2.) Nothing in *Murphy* suggests otherwise. We thus, unlike the trial court, accept plaintiffs' *Bluford* theory of recovery based on actual unpaid time.

We also find valid plaintiffs' separate theory of recovery under section 226.7. Again, at all times relevant here, that statute required an employer to pay "one additional hour of pay"—often referred to as a "premium wage"—when it failed to provide an employee a rest period "in accordance with an applicable order of the Industrial Welfare Commission." (Former § 226.7, subd. (b); Stats. 2000, ch. 876, § 7; *Murphy*, *supra*, 40 Cal.4th at p. 1114.)[6] Courts have generally, as was true in *Murphy*, applied section 226.7 in cases involving employers that required their employees to work during rest periods. (See, e.g., *Murphy*, *supra*, 40 Cal.4th at pp. 1101-1102.) But the statute's language is expansive enough to cover also employers that provided rest periods but then failed to pay for them. After all, as discussed above, an applicable order of the Industrial Welfare Commission requires rest periods to be paid (see Cal. Code Regs., tit. 8, § 11140, subds. (4), (12)), and so an employer that provides rest periods, but only unpaid ones, has not provided rest periods "in accordance with an applicable order of the Industrial Welfare Commission."

---

[6] Former section 226.7, in relevant part, provided: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." (Former § 226.7, subd. (b); Stats. 2000, ch. 876, § 7.) The relevant language in section 226.7 is now slightly different, requiring an employer to pay "one additional hour of pay" when it "fails to provide an employee a meal or rest or recovery period in accordance with a state law." (§ 226.7, subd. (c).)

7

But although we find the plain language of section 226.7 covers claims for unpaid rest periods like those here, we acknowledge that one California Supreme Court decision—*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244 (*Kirby*)—strongly suggests these types of claims should fail nonetheless. The court there considered when, "if ever," a successful plaintiff in a section 226.7 action could recover attorney fees under section 218.5—a statute that, among other things, allows attorney fee awards in any " 'action brought for the nonpayment of wages.' " (*Kirby*, at p. 1248; *id.* at p. 1255.) The court ultimately found no circumstances would allow the recovery of these fees, reasoning that no section 226.7 action is "brought for the nonpayment of wages." According to the court, "When an employee sues for a violation of section 226.7, he or she is suing because an employer has allegedly 'require[d] [the] employee to work during [a] meal or rest period mandated by an applicable order of the Industrial Welfare Commission.' [Citation.] In other words, a section 226.7 action is brought for the *nonprovision of meal and rest periods,* not for the 'nonpayment of wages.' " (*Kirby,* at p. 1255.)

Accepting the *Kirby* court's characterization of section 226.7, however, suggests the statute would be inapplicable here. Plaintiffs, after all, have not sued "because an employer has allegedly 'require[d] [them] to work during [a] meal or rest period.' " (*Kirby*, *supra*, 53 Cal.4th at p. 1255.) Nor was their action "brought for the *nonprovision of meal and rest periods*." (*Ibid.*) Their action instead was brought based on the nonpayment of wages, leaving them in conflict with the *Kirby* court's clear instruction that "[n]onpayment of wages is not the gravamen of a section 226.7 violation." (*Id.* at p. 1256.)

But even so, we still find section 226.7 applicable in light of the Legislature's enactment of section 226.2 in 2015. To explain why, we first require a little background on what led to the passage of section 226.2. Recall that in 2013, in *Bluford*, we found that employees paid on a piece-rate basis must still be compensated for time spent on

8

authorized rest periods. (*Bluford*, *supra*, 216 Cal.App.4th at p. 872.) Although our decision there kept with prior legal decisions, many employers afterward "expressed concern about liability since they had not previously compensated employees paid on a piece rate system in such a manner." (Assem. Com. on Labor and Employment, Rep. on Assem. Bill No. 1513 (2015-2016 Reg. Sess.) as amended Sept. 9, 2015, p. 5.) To address that concern, while also ensuring employees receive pay for this time, the Legislature enacted section 226.2 as a compromise in late 2015. That statute codified the principle that rest periods and other nonproductive time must be compensated in a piece-rate system, but also created a safe harbor for certain employers that had previously failed to do so—though Martinez, because he had been sued in 2009, could not obtain this benefit. (§ 226.2, subds. (a)-(g).)

Although section 226.2's safe-harbor provision is inapplicable here, its language is nonetheless significant in showing that violations of section 226.7 can, despite *Kirby*, be premised on the nonpayment of wages. Under that safe-harbor provision, employers that pay their employees for previously uncompensated rest periods by December 15, 2016, "have an affirmative defense to any claim or cause of action for recovery of wages, damages, liquidated damages, statutory penalties, or civil penalties, including . . . premium pay pursuant to Section 226.7, . . . based solely on the employer's failure to timely pay the employee the compensation due for rest [periods] . . . for time periods prior to and including December 31, 2015." (§ 226.2, subd. (b).) Stated a little more succinctly, these employers have an affirmative defense to section 226.7 actions that are "based solely" on the nonpayment of wages "due for rest [periods] . . . for time periods prior to and including December 31, 2015." In creating this safe harbor, the Legislature plainly contemplated that section 226.7 actions could indeed be "based solely" on the nonpayment of these wages. We thus find, *Kirby* notwithstanding, that section 226.7

9

applies in cases like ours concerning unpaid rest periods.[7] In sum, then, we conclude that both plaintiffs' *Bluford* theory of recovery and their section 226.7 theory of recovery are legitimate ones when an employer fails to compensate farmworkers for authorized rest periods.

### 2. *Plaintiffs' Ability to Obtain Double Compensation*

But although we agree with plaintiffs this far, we disagree with their claim that they are entitled to be compensated twice—once under each of their theories—for the same harms.

Our reasoning is guided in large part by the rule against double recovery. As the California Supreme Court has explained, "[r]egardless of the nature or number of legal theories advanced by [a] plaintiff, [the plaintiff] is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence." (*Tavaglione v. Billings* (1993) 4 Cal.4th 1150, 1158.) "Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited." (*Id.* at p. 1159; see also *Slater v. Blackwood* (1975) 15 Cal.3d 791, 795 ["Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief"].) But that is precisely what plaintiffs seek in this action. Both plaintiffs' theories of recovery seek compensation for the very same harm—namely, Martinez's failure to pay for authorized rest periods.[8]

---

[7] The Ninth Circuit recently found similarly but for different reasons. Section 226.7's remedy, the court found, applies "when an employer fails to actually provide rest breaks" and, *Kirby* notwithstanding, also "when an employer fails to separately compensate employees for rest breaks." (*Ibarra v. Wells Fargo Bank, N.A.* (9th Cir. 2020) 809 Fed.Appx. 361, 364.) Distinguishing *Kirby*, the Ninth Circuit said the case " 'simply did not address' the question whether there is a remedy under section 226.7(c) for failure to properly compensate employees for rest breaks." (*Ibarra,* at p. 364, fn. 4.)

[8] At oral argument, plaintiffs asserted that they are not seeking double recovery because their claims are based on "discrete labor code violations." But then in explaining

10

Plaintiffs' position conflicts not only with the rule against double recovery; it also conflicts with the California Supreme Court's understanding of section 226.7. In *Murphy* the court held that section 226.7 is intended to "compensate employees, not [to impose] a penalty." (*Murphy*, *supra*, 40 Cal.4th at p. 1114.) But if, as plaintiffs contend, they are entitled to full compensation for their actual damages under their *Bluford* theory of recovery, what compensatory purpose is served by section 226.7? Seemingly none. After all, as the *Murphy* court explained, a statute providing for " ' "recovery of damages additional to actual losses incurred" ' " does not serve a compensatory function at all; it instead serves as a penalty. (*Murphy,* at p. 1104.) Allowing plaintiffs to recover under section 226.7, after they have already recovered all their actual losses under their *Bluford* claim, would thus serve to convert section 226.7's "additional hour of pay" to nothing more than a penalty—defying *Murphy*'s holding that section 226.7 does not impose a penalty.

To avoid double recovery and any conflict with *Murphy*, we thus decline plaintiffs' efforts to be compensated twice for each injury. We conclude they may be compensated under the reasoning of *Bluford* for their actual damages, or they may be compensated under section 226.7's "additional hour of pay"—but they may not be compensated under both for the same harm.

Our conclusion in this regard, as noted above, departs somewhat from the trial court's decision. The trial court, which found plaintiffs' exclusive route to recovery was under section 226.7, mistakenly deprived plaintiffs of the opportunity to determine their preferred course for obtaining recovery. But even so, we do not find the court's error on this point to be a reversible one. Under our state Constitution, "a judgment [may] not be reversed unless error caused actual prejudice in light of the whole record." (*Soule v.*

---

the point, they made clear that both their theories of recoveries flow from the same injury—Martinez's failure to pay for authorized rest periods.

11

*General Motors Corp.* (1994) 8 Cal.4th 548, 573; see Cal. Const., art. VI, § 13.)

Reviewing the record here, we find plaintiffs suffered no actual prejudice as a result of the trial court's error. Under plaintiffs' *Bluford* claim, in their calculation, each plaintiff would be entitled to up to $2.67 ($8 (the minimum wage at the time) x one-third of an hour) for each day that Martinez failed to pay them for their rest periods.[9] And under their section 226.7 claim, in their calculation, each plaintiff would be entitled to $8 ($8 x one hour) for each day these violations occurred. Although the court should have allowed plaintiffs to choose their route for recovery, they were not prejudiced in being forced to take the option that maximized their recovery.

### B. *Martinez's Claims*

Martinez challenges the trial court's calculation of damages from a different angle. In his view, "[t]he trial court erred as a matter of law by failing to consider whether unpaid rest breaks were actually taken by Plaintiffs." We disagree.

Martinez's claim, in effect, is that the court failed to consider whether plaintiffs took rest periods. To be sure, Martinez's argument focuses on *unpaid* rest periods. But whether these rest breaks were paid or not is not really at issue, for as we found in our initial decision, any rest break plaintiffs took was an unpaid one. (*Sanchez*, *supra*, C076852 ["no evidence [shows] plaintiffs were compensated for rest periods separately from the piece-rate compensation they received for the grapevines they pruned"].)

Understood this way, we have little difficulty rejecting Martinez's contention. In its initial decision, the trial court expressly found plaintiffs "t[ook] rest breaks by getting water, by going to the bathroom, and by walking to areas away from the field for lunch." They might not have taken all the breaks they were entitled to, the court explained, but they at least took some breaks—a conclusion we accepted in our initial review of this

---

[9]    Plaintiffs content they took at most 20 minutes (or one-third of an hour) of unpaid rest periods per day.

12

case. We thus reject Martinez's claim that the trial court altogether failed to consider whether plaintiffs took rest breaks.

Martinez alternatively challenges the trial court's finding on substantial evidence grounds. In his view, even if the court did consider whether plaintiffs took rest breaks, the evidence required the court to find "that no such breaks were taken." We disagree here too.

To begin, because Martinez has cited only evidence in his favor, we find his contention forfeited. An appellant "who cites and discusses only evidence in his favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408; see also *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) But that is precisely what Martinez has done here. He repeatedly cites testimony showing plaintiffs declined to take rest breaks. But he entirely ignores conflicting testimony, including his own testimony, showing plaintiffs in fact took rest breaks. We find his substantial evidence claim forfeited as a result.

But even if we ignored Martinez's failure to fairly present the evidence, we would still find substantial evidence supports the court's findings.

The substantial evidence standard of review is a highly deferential one. Under this standard, we view the evidence in the light most favorable to the prevailing party, and then consider whether this evidence is sufficient to allow a reasonable trier of fact to reach the challenged decision. (*In re I.J.* (2013) 56 Cal.4th 766, 773; see also *Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053, abrogated on other grounds as recognized in *DeBerard Properties, Ltd. v. Lim* (1999) 20 Cal.4th 659, 668.)

Applying that standard here, we find sufficient evidence in the record supports the court's conclusion that plaintiffs took daily rest breaks. Several plaintiffs, for instance, testified that they took rest breaks to use the water and restroom facilities. One, for example, testified he took breaks "every day" to walk to the water facilities—which was

13

about 10 minutes from the fields in which he worked. Martinez himself testified that his employees were given rest breaks and operations ceased during those breaks. And two of his former supervisor employees, who spoke in support of Martinez, testified that they scheduled rest breaks twice a day: once in the morning and once in the afternoon. Considering this testimony and the record as a whole, a reasonable trier of fact could conclude that plaintiffs did indeed take daily rest breaks. And because each of these rest breaks went unpaid, the court could find, as it did, that plaintiffs were entitled to "one additional hour of pay" under section 226.7 for each of these days.

## II

### *Calculation of Penalties*

We consider next the parties' various objections to the trial court's calculation of penalties.

### A. *Plaintiffs' Claims*

Plaintiffs object to the trial court's penalty award on two grounds. First, they contend, based on section 1194.2, that the trial court should have awarded them "liquidated damages" equal to the amount of unpaid wages due. (See *Martinez v. Combs* (2010) 49 Cal.4th 35, 48, fn. 8 ["[t]he 'liquidated damages' allowed in section 1194.2 are in effect a penalty"].)[10] Second, they assert that the trial court also should have awarded them penalties, under section 203, based on Martinez's failure to timely pay all wages

---

[10] Section 1194.2 in relevant part, provides: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." (§ 1194.2, subd. (a).)

14

due after plaintiffs were discharged or quit.[11]  Because we find both these claims exceeded the scope of our limited remand in 2016, however, we reject these contentions.

In our initial review of this case, we affirmed the trial court's rejection of nearly all plaintiffs' causes of action, including those under sections 203 and 1194.2.  (See *Sanchez*, *supra*, C076852 [plaintiffs' "causes of action for liquidated damages and waiting time penalties are . . . without merit"].)  We only remanded to allow consideration of two issues:  (1) the damages owed to plaintiffs based on Martinez's failure to provide compensation for rest periods, and (2) relatedly, the penalties owed to plaintiffs under the Labor Code Private Attorneys General Act "for Martinez's violation of Labor Code section 226.7."  (*Id.* at pp. 29, 32.)  On remand, plaintiffs appropriately presented arguments on these two topics.

But plaintiffs also treated the remand as an opportunity to revive their claims concerning sections 203 and 1194.2.  They sought too much with this effort.  A "trial court's jurisdiction on remand extends only to those issues on which the reviewing court *permits* further proceedings."  (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863; see also *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 656 ["The order of the appellate court as stated in the remittitur, 'is decisive of the character of the judgment to which the appellant is entitled' " on remand].)  Because we permitted further proceedings on only two issues—neither of which concerned sections 203 and 1194.2— we find plaintiffs' efforts to revive their claims under these two statutes inappropriate.

---

[11]    Section 203, in relevant part, provides:  "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  (§ 203, subd. (a).)

B. *Martinez's Claims*

Martinez, in turn, raises several objections concerning the trial court's award of penalties under the Labor Code Private Attorneys General Act (PAGA; § 2698 et seq.).

Under PAGA, an "aggrieved employee" may bring a civil action " 'on behalf of himself or herself and other current or former employees' to recover civil penalties for violations of other provisions of the Labor Code." (*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1001, citing § 2699, subd. (a); see also § 2699, subd. (f).) Relying on this authority, plaintiffs here brought a representative action on behalf of over 100 other former employees based on, as relevant here, Martinez's violations of section 226.7. And the trial court ultimately found in plaintiffs' favor on this claim.

In Martinez's view, however, the court's decision was flawed for two reasons. First, echoing his argument on the damages award, he contends the court wrongly "concluded that Plaintiffs were aggrieved employees [under PAGA] without considering whether Plaintiffs actually took unpaid rest breaks." Alternatively, even if they were aggrieved employees, he asserts that the court erred in "failing to evaluate whether Plaintiffs' PAGA claim is manageable and/or requires an impermissible individualized inquiry." We disagree on both counts.

For the reasons discussed in part I.B. of the Discussion, we reject his first argument. As we stated there, the trial court appropriately found plaintiffs took unpaid rest breaks and were thus aggrieved employees.

We also find unpersuasive Martinez's alternative claim that "the trial court was required, but failed, to consider whether Plaintiffs' PAGA claim was manageable and/or required an impermissible individualized inquiry." Martinez's argument relies on two unpublished federal district court opinions, both of which found PAGA claims could not proceed to trial when too many "individualized assessments" would be necessary. (*Brown v. Am. Airlines, Inc.* (C.D. Cal. Oct. 5, 2015, No. CV 10-8431-AG (PJWx)) 2015

16

U.S. Dist. LEXIS 150672, pp. *9-10; *Ortiz v. CVS Caremark Corp.* (N.D. Cal. Mar. 19, 2014, No. C-12-05859 EDL) 2014 U.S. Dist. LEXIS 36833, pp. *11-12.)

Neither of these cases, however, supports Martinez's position. Martinez, significantly, does not seek to prevent plaintiffs from proceeding to trial on claims he deems "unmanageable"—as was true of the defendants in his two cited cases. He instead seeks to undo a judgment issued after trial, reasoning that the trial court, before issuing the judgment, had a duty to consider whether plaintiffs' claims were manageable. We disagree for several reasons. To start, nothing in Martinez's cited cases suggests that courts in PAGA cases have some sort of *sua sponte* responsibility to consider manageability. And in any event, in issuing a judgment in favor of plaintiffs, the court here necessarily found plaintiffs' claims were in fact manageable. Martinez may take issue with the court's calculation of penalties (e.g., by claiming it was not supported by substantial evidence), but he cannot claim the penalty award was flawed simply because the court did not explicitly discuss manageability issues.

Finally, Martinez briefly contests the court's PAGA award on the ground of insufficient evidence. He asserts, for example, that plaintiffs "presented no evidence to support a finding that the PAGA employees took uncompensated breaks." But Martinez raises this argument in a section that, according to its heading, concerns only his unrelated argument that plaintiffs' claim is "unmanageable/requires individualized inquiry." Martinez needed to raise his distinct argument based on insufficient evidence "under a separate heading or subheading summarizing the point," as required under California Rules of Court, rule 8.204(a)(1)(B). Because he failed to do so, we find he forfeited this argument. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1831, fn. 4.) In any event, we disagree with his contention that plaintiffs "presented no evidence" on whether "the PAGA employees took uncompensated breaks." Two of his former supervisor employees, for example, testified that they scheduled two rest breaks a day for employees. And as discussed already, each of these breaks, like all

17

offered rest breaks, went unpaid.  Considering this evidence, the court certainly had at least some grounds for finding the PAGA employees took uncompensated breaks.

DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.


/s/
_____
BLEASE, Acting P. J.

We concur:


/s/
_____
MAURO, J.


/s/
_____
MURRAY, J.

18