Filed 6/9/22 Certified for Publication 7/1/22 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

STEPHANIE HARGROVE,
    Plaintiff,

v.

LEGACY HEALTHCARE, INC., et al.,
    Defendants and Respondents;

MAKIYA CORNELL,
    Movant and Appellant.

E076240

(Super.Ct.No. CIVDS1617591)

OPINION

APPEAL from the Superior Court of San Bernardino County. David Cohn, Judge.
Affirmed.

Capstone Law, Ryan H. Wu, Liana Carter and Bevin Allen Pike, for Movant and

Appellant.

Klinedinst, Greg A. Garbacz, Nadia P. Bermudez and Robert M. Shaughnessy for

Defendants and Respondents.

No appearance for Plaintiff Stephanie Hargrove.

1

In 2016, plaintiff Stephanie Hargrove initiated this action against defendants and respondents San Bernardino Convalescent Operations, Inc., dba Legacy Post-Acute Rehabilitation Center (Hargrove's former employer; SBCO), Indio Nursing & Rehabilitation Center, Inc. (another skilled nursing facility where Hargrove was never employed; INRC), and Legacy Healthcare, Inc. (managerial and support services corp.; Legacy) under the Labor Code Private Attorneys General Act of 2004 (Lab. Code,[1] § 2698 et seq.; PAGA).[2] Approximately four years later, in 2020, Hargrove died. Her attorneys requested leave to file an amended pleading to substitute movant and appellant Makiya Cornell in place of Hargrove to prosecute the PAGA claims; however, on October 6, 2020, the trial court denied the request, dismissed the action, and stated that Cornell "is free to file her own claim and her own causes of action."

On appeal, Cornell contends that she has standing to appeal the trial court's order denying her request to substitute herself in place of Hargrove as an order effectively denying a motion to intervene. Alternatively, Cornell argues that this court may treat her appeal as a petition for writ of mandate. Assuming we conclude that Cornell has standing to appeal, she contends the trial court abused its discretion in refusing to permit her to amend Hargrove's complaint to substitute Cornell as the representative plaintiff such that her PAGA claim relates back to the original complaint.

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

[2] Since any distinctions between these entities are not relevant for the purposes of this appeal, we refer to them collectively as defendants.

We conclude that, strictly speaking, Cornell does not have standing to appeal the judgment; however, we treat the order denying the motion to amend as an order denying an implicit motion to intervene, and conclude the trial court did not abuse its discretion in denying the motion. Thus, we affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

From approximately August 2014 to August 2015, Hargrove worked at SBCO as a nonexempt, hourly paid restorative nursing assistant (RNA)/certified nursing assistant (CNA). On August 3, 2016, her counsel provided written notice to the California Labor and Workforce Development Agency (LWDA) that her employer, Legacy, allegedly failed to: (1) pay all, and at the correct rate, overtime wages; (2) provide adequate break coverage; (3) provide uninterrupted meal periods; (4) keep and provide true, accurate, and complete employment records, time records, and wage statements; (5) reimburse for the costs of uniforms; and (6) provide basic information material to employees' employment relationship. Hargrove sought remedies for these Labor Code violations for herself, the State of California, and all other aggrieved employees, and she wished to proceed with PAGA claims as authorized by "Labor Code sections 2699(a), 2699.3(a) and 2699.3(c), 2699.5, and 558."

Hargrove initiated this PAGA action in October 2016 against Legacy. She later amended her complaint in March 2017 to identify doe defendant SBCO, and again in August 2018 to identify doe defendant INRC. During the discovery phase, she passed away on February 27, 2020. Upon hearing of her death, the trial court ordered briefing

3

on how it would impact the action going forward and scheduled an order to show cause hearing (OSC) as to why the case should not be dismissed.

In response to the OSC, Hargrove's counsel identified Cornell as a new PAGA representative who was willing to replace Hargrove as the named plaintiff after complying with her own notice and exhaustion requirements. Cornell had worked at SBCO as a nonexempt, hourly paid licensed vocational nurse (LVN) from approximately May 2019 to August 2019. On May 13, 2020, she sent PAGA letters to both LWDA and defendants.

A hearing on the OSC was held on August 21, 2020; the trial court expressed concern regarding the request to substitute Cornell in place of Hargrove because it "would result in a different time period for the PAGA claim, which would date off of [Cornell's] notice." Following a brief discussion, the court decided that instead of dismissing the action, it would allow the parties to fully brief the legal issues by way of a motion for leave to file a second amended complaint adding Cornell as the new plaintiff/representative. Hargrove's counsel filed such motion on September 15, 2020. Defendants opposed the motion on the grounds a PAGA action may not be assigned, Cornell's employment with defendants was four years after Hargrove was no longer employed, there is no deputized, authorized person to pursue the PAGA claim concerning the events from 2014 to 2018, and the relation-back doctrine does not apply. On October 6, 2020, the trial court agreed with defendants, denied the motion to amend, and dismissed the entire action. On October 14, Cornell initiated her own PAGA action

4

against defendants.[3]  Judgment was entered on October 29, 2020.  Hargrove's counsel filed a notice of appeal on behalf of "Proposed Plaintiff Makiya Cornell."

## II.  DISCUSSION

"The Legislature enacted [PAGA] for the 'sole purpose' of increasing the limited capability of the State of California to enforce violations of the Labor Code.  [Citation.]  The statute authorizes 'aggrieved employees' to file lawsuits on behalf of the state seeking civil penalties for violations of the Labor Code, and allocates 75 percent of the civil penalties recovered to the [LWDA] and the remaining 25 percent to all employees affected by the violation.  [Citations.]  PAGA requires that before filing suit, the so-called PAGA plaintiff must submit notice of the alleged violations to the LWDA and to the employer."  (*Hutcheson v. Superior Court* (2022) 74 Cal.App.5th 932, 935 (*Hutcheson*).)

*A.  Cornell's Standing to Appeal.*

Defendants argue Cornell lacks standing to appeal the judgment because she was never a party to the case nor has she been aggrieved by the dismissal of Hargrove's PAGA claim since she is currently pursuing her own PAGA claim.

"'An appeal may be taken only by a party who has standing to appeal.  [Citation.]  This rule is jurisdictional.  [Citation.]  Only a party who is aggrieved has standing to appeal.'  [Citation.]  Thus, to have standing to appeal an order, the appellant 'must be a

---

**3** We grant defendants' unopposed August 12, 2021 request to take judicial notice of the complaint, answer, and register of action in *Cornell v. Legacy Healthcare*, *Inc. et al.* (Super. Ct. San Bernardino County, No. CIVDS2022316).  (Evid. Code, §§ 452, subds. (c), (d); 459, subd. (b).)  Cornell initiated a PAGA action against defendants on October 14, 2020, five months after she had submitted PAGA letters to both LWDA and defendants.

party of record and aggrieved by the challenged . . . order.' [Citation.] 'One is considered "aggrieved" whose rights or interests are injuriously affected by the [order]. [Citations.] [Such] interest "'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the [order].'"'" (*Dow v. Lassen Irrigation Co.* (2022) 75 Cal.App.5th 482, 487-488; see Code Civ. Proc., § 902 ["Any party aggrieved may appeal" a judgment.].) However, when one has been denied the right to intervene in an action, he or she may appeal from the order denying intervention. (*Hernandez v. Restoration Hardware*, *Inc.* (2018) 4 Cal.5th 260, 263 (*Hernandez*); see *Roos v. Honeywell Internat.*, *Inc.* (2015) 241 Cal.App.4th 1472, 1484 [A party may appeal the denial of a motion to intervene when "it constitutes a final determination of the party's entitlement to participate in the action."], disapproved of on other grounds by *Hernandez*, at p. 269, fn. 2.)

"In *Hernandez* the Supreme Court reaffirmed its long-standing precedent that unnamed class members do not become parties of record under [Code of Civil Procedure] section 902 with the right to appeal the class settlement, judgment or attorney fee award unless they (1) move to intervene in the action before the action is final, or (2) move under [Code of Civil Procedure] section 663a to vacate the judgment. [Citations.] Then, if either motion is unsuccessful, the unnamed class member may appeal from the order denying intervention and/or the motion to vacate." (*Eck v. City of Los Angeles* (2019) 41 Cal.App.5th 141, 145.)

In this case, as a nonparty to this action, Cornell lacks standing to appeal the order dismissing the case. However, this court *may* treat the unsuccessful motion to amend

6

Hargrove's complaint to add Cornell as the new representative plaintiff as an unsuccessful motion to intervene from which Cornell may appeal. (*Hernandez*, *supra*, 4 Cal.5th at p. 263.) Erring on the side of caution, we will treat the motion to amend as a motion to intervene and consider the merits of Cornell's challenge. The standard of review for denying permissive intervention under Code of Civil Procedure section 387, subdivision (a), is an abuse of discretion. (*Turrieta v. Lyft*, *Inc.* (2021) 69 Cal.App.5th 955, 976, review granted Jan. 5, 2022, S271721.)

### B. *Denial of the Motion to Amend.*

Cornell argues that the trial court abused its discretion in denying the motion to amend Hargrove's complaint because (1) PAGA's text and purpose are consistent with allowing the substitution of a PAGA plaintiff (an assignment of Hargrove's PAGA claim), (2) PAGA plaintiffs should be afforded the same rights and protections afforded to class action plaintiffs, and (3) the relation-back doctrine applies. While we agree that a PAGA complaint may be amended to provide for the substitution of another person as the representative plaintiff in the action, we do not agree that it may be done in this case. Thus, the court's decision to deny amendment of Hargrove's complaint to add Cornell as the new representative plaintiff does not constitute an abuse of discretion.

Here, Hargrove's death necessitated the dismissal of her PAGA claim unless her PAGA complaint could be amended to substitute Cornell as the representative plaintiff. (*Estate of Harrington v. Marten Transport*, *Ltd.* (C.D. Cal. Nov. 6, 2017, No. CV 15-1419-MWF (ASx)) 2017 U.S.Dist. Lexis 192220 at p. *14 [PAGA claim does not survive plaintiff's death and may not be transferred to or maintained by the newly named

7

plaintiffs.]; *Hutcheson*, *supra*, 74 Cal.App.5th at p. 945 [substitution of representative plaintiff is possible when claims in amended PAGA complaint are same general set of facts, involve same injury, and refer to same instrumentality as claims in original complaint].)[4] Cornell argues that such substitution is possible. (Code Civ. Proc., § 377.20, subd. (a) ["Except as otherwise provided by statute, a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."]; *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 85 ["PAGA standing is not inextricably linked to the plaintiff's own injury."]; *Williams v. Superior Court* (2017) 3 Cal.5th 531, 548 ["Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives."].) Cornell further argues that her claims in the amended PAGA complaint may relate to Hargrove's claim in the original PAGA complaint. (*Hutcheson*, at p. 945.) We agree that substitution of a representative plaintiff is permissible under certain circumstances and an amended PAGA complaint may relate to the original complaint; however, we do not agree that the circumstances, in this case, support substitution.

---

[4] "Unlike in the federal courts of appeals (see, e.g., U.S. Cir. Ct. Rules (9th Cir.), rules 36-1 to 36-5), in the federal district courts there is no formal provision to certify decisions for publication. District court orders that are included in reports such as the Federal Supplement are only 'unofficially reported.' [Citations.] [¶] The prohibition on citing unpublished California decisions [citation] does not apply to unpublished decisions from the lower federal courts. [Citation.] Like published decisions of the lower federal courts, unpublished decisions are not binding on us even on questions of federal law, but they are persuasive authority." (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 316, fn. 8.)

An employee does not have an assignable interest in his or her PAGA claim. (*Amalgamated Transit Union*, *Local 1765*, *AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993 (*Amalgamated*).) In *Amalgamated*, the California Supreme Court ruled that 150 aggrieved employees could not assign their PAGA claims to their labor union because PAGA "does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." (*Amalgamated*, at p. 1003.)

However, Cornell contends that this case is not about the assignment of a PAGA claim, but about the substitution of the named plaintiff. She argues that Hargrove's PAGA claim is not being assigned to her (Cornell) because she also has standing as an aggrieved employee, and the LWDA remains the real party in interest in this lawsuit regardless of the identity of the named plaintiff. In support of her contention, she cites *Hutcheson*, a recent decision out of the First Appellate District, Division Two.

In *Hutcheson*, two employees of UBS Financial Services, Inc. (UBS) who worked as financial advisors asserted PAGA claims. On December 22, 2017, Larry Van Steenhuyse gave notice to LWDA and UBS that he intended to seek penalties under PAGA on behalf of himself and all aggrieved UBS financial advisors in California for alleged Labor Code violations. (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 936.) On February 26, 2018, after LWDA failed to respond within the statutory time, Van Steenhuyse filed suit alleging a single PAGA claim. (*Id*. at pp. 936-937.) On April 18, 2018, Andrew Hutcheson, another UBS financial advisor who had resigned from his

9

employment in December 2017, submitted a similar notice to LWDA and UBS. (*Id*. at p. 937.) When LWDA failed to timely respond, Hutcheson waited until February 2019 to file suit against UBS. (*Ibid*.) Both employees' notices and complaints were nearly identical, and they alleged the same facts and theories concerning UBS's alleged Labor Code violations. (*Hutcheson*, at p. 937.)

In March 2019, Hutcheson moved to intervene in Van Steenhuyse's lawsuit and to replace him as the named plaintiff. (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 937.) Hutcheson alleged that "under the doctrine of relation back the statute of limitations for [his] claim as substitute plaintiff extended back to December 22, 2016, which was one year before Van Steenhuyse submitted his notice of intent." (*Ibid*.) The trial court disagreed, ruling "the doctrine did not apply because allowing relation back would frustrate the Legislature's intent of requiring notice under section 2699.3, subdivision (a), as a precondition to filing a PAGA action." (*Id*. at p. 938.) On appeal, the appellate court reversed and remanded for a determination of whether the "claims in the amended PAGA complaint here rest on the same general set of facts, involve the same injury, and refer to the same instrumentality as the claims in the original complaint filed by Van Steenhuyse." (*Hutcheson*, at p. 945.)

According to *Hutcheson*, Cornell may substitute into this action, and her PAGA claim may relate back to the original complaint if she meets PAGA's prerequisites (standing, notice, & statute of limitations) *and* the amended complaint is able to relate back to the original complaint (i.e., it rests on the same general set of facts, involves the same injury, & involves the same cause of injury). (*Hutcheson*, *supra*, 74 Cal.App.5th at

10

pp. 939-940.) Applying the principles announced in *Hutcheson*, we conclude that Cornell is unable to substitute into this action.

We begin by considering whether PAGA's prerequisites have been met. For standing, the representative plaintiff must be "an 'aggrieved employee' who can represent the state as a PAGA plaintiff and sue 'on behalf of himself or herself and other current or former employees.'" (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 939.) Hargrove met those requirements in 2015; however, Cornell did not meet them until 2019. Thus, at the time Hargrove filed her original complaint in October 2016, Cornell could not meet the standing requirements for an aggrieved employee under section 2699, subdivision (c), because she was not employed by defendants prior to 2019. (§ 2699, subd. (c) [An "'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."]; *Kim v. Reins International California*, *Inc.*, *supra*, 9 Cal.5th at p. 84 [plaintiff becomes "an aggrieved employee, and had PAGA standing, when one or more Labor Code violations [are] committed against him [or her]"].) Since she was not employed by defendants prior to 2019, Cornell could not qualify as an "'aggrieved employee'" for the purposes of Hargrove's case. (*Amalgamated*, *supra*, 46 Cal.4th at pp. 1004-1005.) For notice, the representative plaintiff "must notify the LWDA and the employer of the specific Labor Code provisions that the employer allegedly violated, as well as the facts and theories supporting the claim. [Citation.] Then, '[i]f the [A]gency does not investigate, does not issue a citation, or fails to respond to the notice within 65 days, the employee may sue." (*Hutcheson*, *supra*, 74 Cal.App.5th at p. 939.) Both Hargrove and Cornell provided

11

notice of the pertinent facts and theories to the LWDA and defendants, albeit Cornell provided her notice in 2020, three years, nine months, and 10 days after Hargrove's 2016 notice. Finally, "a PAGA action is subject to a one-year statute of limitations." (*Ibid*.) In short, Cornell is unable to meet the PAGA perquisites because she was not an "aggrieved employee" at the time Hargrove filed her original complaint in October 2016. (*Id*. at p. 941.)

Moreover, we are not persuaded by Cornell's arguments that the relation-back doctrine should apply here. "Under the relation back doctrine, an amended complaint is deemed to have been filed at the time of the earlier complaint if the amended complaint '(1) rest[s] on the *same general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality* . . . .'" [Citation.] The doctrine cannot be used to frustrate the intent of the Legislature to require compliance with administrative procedures as a condition to filing an action." (*Brown v. Ralphs Grocery Co*. (2018) 28 Cal.App.5th 824, 841.) Application of the relation-back doctrine to this case would do just that. As noted *ante*, Cornell does not qualify as an "aggrieved employee" for the purposes of Hargrove's 2016 PAGA claims and, therefore, is unable to comply with the prefiling notice for the 2016 PAGA claims. To allow her to rely on the relation-back doctrine would provide administrative compliance that does not exist. (*Esparza v. Safeway*, *Inc*. (2019) 36 Cal.App.5th 42, 63 [Plaintiffs may not use the relation-back doctrine to litigate untimely PAGA claims without giving notice to the LWDA within the limitations period.].)

To summarize, Hargrove's counsel sought to avoid the harsh reality of the termination of Hargrove's PAGA claim—due to her death—by attempting to assign the claim to Cornell under the guise of an amended pleading to substitute the representative PAGA plaintiff. However, this is not possible under the facts of this case. To begin with we note that the facts before this court differ from the facts in *Hutcheson*. In *Hutcheson*, there were two PAGA actions initiated within one year of each other (Van Steenhuyse's on Feb. 26, 2018, and Hutcheson's in Feb. 2019) regarding similar Labor Code violations that occurred almost contemporaneously. (*Hutcheson*, *supra*, 74 Cal.App.5th at pp. 936-938.) Moreover, Hutcheson filed a motion to intervene in Van Steenhuyse's action. (*Id.* at p. 937.) Here, Cornell had no separate PAGA action at the time the motion to amend was filed, nor did she seek to intervene in Hargrove's action. Also, the amended complaint did not rest on the same general set of facts or involve the same injury because Hargrove and Cornell were never employed during the same year (Hargrove 2014-2015; Cornell 2019), they held different employee positions (Hargrove-RNA/CNA; Cornell-LVN), and Cornell alleged an injury (withholding fees for medical examinations) that was not alleged by Hargrove but could reach back six years. Because substitution of the PAGA plaintiff is unavailable under the facts presented, we conclude the trial court did not abuse its discretion in denying the motion to amend.

## III.  DISPOSITION

For the reasons set forth *ante*, the judgment is affirmed.  In the interest of justice, each party shall bear their own costs on appeal.


McKINSTER
Acting P. J.

We concur:


MILLER
J.


CODRINGTON
J.

14

Filed 7/1/22

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

STEPHANIE HARGROVE,
     Plaintiff,

v.

LEGACY HEALTHCARE, INC., et al.,
     Defendants and Respondents;

MAKIYA CORNELL,
     Movant and Appellant.

E076240

(Super.Ct.No. CIVDS1617591)

ORDER CERTIFYING OPINION FOR PUBLICATION

THE COURT

The request, filed June 29, 2022, for publication of a nonpublished opinion filed in the above matter on June 9, 2022, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(2), (3), (4) and (6).

IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

CERTIFIED FOR PUBLICATION

McKINSTER
                             Acting P. J.

We concur:

MILLER
          J.

CODRINGTON
          J.