Filed 4/27/26  Aguilar v. Owens-Brockway Glass Container CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PRISCILLA AGUILAR et al., | B341875 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 21STCV33017) |
| v. | |
| OWENS-BROCKWAY GLASS CONTAINER, INC., | |
| Defendant; | |
| LUCIO LEMUS, JR., | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elaine Lu, Judge.  Affirmed.

Matern Law Group, Matthew J. Matern, Mikael H. Stahle, Debra J. Tauger; Altshuler Berzon and Michael Rubin for Movant and Appellant.

James Hawkins, James R. Hawkins, Christina M. Lucio, Mitchell J. Murray and Samantha A. Jones for Plaintiffs and Respondents.

| PRISCILLA AGUILAR et al., | B343959 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 21STCV33017) |
| v. | |
| OWENS-BROCKWAY GLASS CONTAINER, INC., | |
| Defendant and Respondent; | |
| LUCIO LEMUS, JR., | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elaine Lu, Judge. Affirmed.

Matern Law Group, Matthew J. Matern, Mikael H. Stahle, Debra J. Tauger; Altshuler Berzon and Michael Rubin for Movant and Appellant.

James Hawkins, James R. Hawkins, Christina M. Lucio, Mitchell J. Murray and Samantha A. Jones for Plaintiffs and Respondents.

Seyfarth Shaw, Candace Bertoldi, Elizabeth J. MacGregor, Robin E. Devaux and Brian P. Long for Defendant and Respondent.

_____

Lucio Lemus, Jr. filed two appeals in this superior court case. In B341875, he challenges the trial court's denial of his motion to intervene. After denying intervention, the court entered judgment on the parties' negotiated settlement. In

B343959, appellant challenges the denial of his motion to vacate the judgment. We have consolidated the appeals.

In B341875, we conclude that appellant's motion to intervene was properly denied for lack of standing to maintain a Private Attorneys General Act (PAGA) claim. (Lab. Code, § 2698 et seq.)[1] Appellant lacks standing to appeal in B343959 because he is not an aggrieved party. We affirm the orders.

## FACTS AND PROCEDURAL HISTORY

### Respondents' Lawsuit

Respondents Priscilla Aguilar, Julian Haro, Richard Nunez, and Juan Madera worked for Owens-Brockway Glass Container, Inc. (Owens).[2] In 2021, they sued Owens for labor law violations. Respondents notified the Labor and Workforce Development Agency (LWDA) that they sought civil penalties under PAGA.

Respondents negotiated a settlement with Owens. Owens denied violating labor laws but settled to avoid further litigation. The $3.7 million settlement (Settlement) encompassed class and PAGA claims. The LWDA received $225,000 of the PAGA penalty; aggrieved employees received $75,000.

Respondents requested court approval of the Settlement. The court granted preliminary approval in December 2023, finding the Settlement fair, adequate, and reasonable. Respondents then notified 1,106 class members, none of whom objected to the Settlement.

---

[1] We are applying the version of PAGA in effect from June 27, 2016, until June 30, 2024. (Stats. 2016, ch. 31, § 189.)

[2] Owens is a respondent in B343959 but not in B341875.

3

## Appellant Moves to Intervene

In July 2024, appellant moved to intervene in respondents' lawsuit, claiming "an interest in enforcing rights and remedies under PAGA arising out of conduct that is the subject" of respondents' lawsuit. As the basis for his request, appellant pointed to his own lawsuit, *Lemus v. Owens-Brockway Glass Container, Inc.* (Super. Ct. L.A. County (2024) No. 20STCV44110) (the Lemus Action). He argued that intervention is mandatory because the Lemus Action "will be materially and adversely affected" by the Settlement. Alternatively, he sought permissive intervention because respondents "unilaterally and without consideration extended the PAGA release period."

The Lemus Action was filed by Owens employee Lucio Lemus, Sr. (Lemus Sr.), who alleged labor law violations and a PAGA claim. Appellant was appointed successor in interest after his father's death in 2021. The Lemus Action is currently before this court on appeal from an order granting Owens's motion for summary judgment, *Lemus v. Owens-Brockway Glass Container, Inc.* (B341878).[3]

Respondents opposed intervention. They argued that appellant's motion is untimely; he lacks standing because he is not an "aggrieved employee"; he did not exhaust administrative remedies; and he has no direct or immediate interest in respondents' lawsuit.

Appellant replied that he is entitled to prosecute his father's PAGA claim. He clarified that he seeks intervention to protect Lemus Sr.'s "*personal* interest in his own, individual, PAGA claim." He argued that the motion is timely; respondents

---

[3] We refer to that appeal as B341878.

do not adequately represent his interests; and intervention would not enlarge the issues raised in their suit.

## The Trial Court Denies Intervention

The court wrote that appellant seeks intervention "because the PAGA claim in the *Aguilar* Action overlaps with the PAGA claim in the *Lemus* Action." Recent case authority holds that a PAGA plaintiff cannot intervene in a settlement reached by another PAGA plaintiff. As to appellant's claim of protecting his father's personal interest, the court ruled (1) there is no personal interest in a PAGA claim, and (2) even if there is a personal interest, appellant lacks standing—he was not an Owens employee and cannot pursue his father's claim. The court denied his motion. He appealed.

## Lemus Challenges Final Approval of the Settlement

In September 2024, the court granted final approval of the Settlement. Respondents served notice of entry of order and judgment on September 30, 2024, though notice was not served on appellant.

On December 11, 2024, appellant gave notice of his motion to vacate the judgment. He argued that the judgment improperly extended the PAGA period for five months without new consideration. Expansion of the PAGA period impaired his personal interest in recovering 25 percent of the PAGA proceeds. He is aggrieved by the judgment, which "will directly and adversely impact his own PAGA case (as successor in interest to Lemus Sr.) against Defendant," which covers a longer period. The judgment in respondents' case will have a res judicata effect on the Lemus Action.

In opposition, respondents argued that appellant is not aggrieved by the judgment. He lacks standing to pursue Lemus

Sr.'s PAGA claims; he forfeited his right to object to the Settlement by opting out of it; his motion to vacate was untimely; and the court lacked jurisdiction to hear the motion while appellant appealed the denial of his motion to intervene.

Appellant responded that his motion is timely because no one served notice of entry of judgment upon him. He is entitled to pursue his personal interest in Lemus Sr.'s PAGA claim. The court had jurisdiction because his pending appeal was from the order denying his motion to intervene, not the judgment. He asserted that respondents' case adversely impacted his own PAGA case, as Lemus Sr.'s successor in interest.

### The Court Denies the Motion to Vacate

The court first ruled that it could not entertain the motion. An automatic stay suspending its jurisdiction was in place during the pendency of appellant's appeal of the order denying intervention.

Assuming it had jurisdiction, the court ruled that appellant lacked standing to vacate the judgment. Appellant opted out of the class action portion of the Settlement and is not bound by it. As to the PAGA portion of the judgment, appellant is not an aggrieved party. Recent case law forbids multiple people with PAGA claims against a common employer from seeking to vacate a settlement by one of them. Appellant has no "personal interest" in a PAGA claim belonging to the state's labor law enforcement agencies. Finally, Lemus Sr.'s PAGA claim did not survive his death and appellant cannot pursue it. The court denied appellant's motion to vacate. He appealed.

6

## DISCUSSION
## APPEAL NO. B341875

### 1. Appeal and Review

Appeal may be taken from an order denying intervention because it "is a final determination of the litigation as to the party seeking to intervene." (*Bowles v. Superior Court* (1955) 44 Cal.2d 574, 582.) The trial court's ruling was premised on appellant's lack of standing to intervene in respondents' lawsuit. The parties agree that standing is a purely legal question, reviewed de novo. (*San Luis Rey Racing, Inc. v. California Horse Racing Bd.* (2017) 15 Cal.App.5th 67, 73.)

### 2. Intervention Rules

A nonparty may seek intervention to claim what is sought by a complaint. (Code Civ. Proc., § 387, subd. (b).) Intervention is mandatory if the law confers an unconditional right to intervene, or if disposition may impair the interests of the intervener, who is not adequately represented by existing parties. (*Id.,* subd. (d)(1).) Permissive intervention gives the court discretion to determine if the person seeking intervention has an interest in the litigation or the success of the parties. (*Id.*, subd. (d)(2).)

### 3. Appellant Lacks Standing to Intervene

Appellant cannot intervene under either a mandatory or permissive theory because he lacks standing to pursue a PAGA claim. He argues that respondents relinquished months of PAGA penalties "*without any additional consideration,* thereby stripping [his] right to recover the PAGA civil penalties during that same period" in the Lemus Action. The problem is that appellant has no right to maintain a PAGA action.

7

In B341878, this court rejected appellant's claim of standing to pursue a PAGA claim. We wrote that appellant, who never worked for Owens, is not an "aggrieved employee." An aggrieved employee is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (Lab. Code § 2699, former subd. (c).) A PAGA action is "brought by an aggrieved employee on behalf of himself or herself *and* other current or former employees." (*Id.*, former subd. (a), italics added.)

PAGA allows "an enforcement action between the LWDA and the employer, with the PAGA plaintiff acting on behalf of the government." (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 86; *Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 681–682 (*Turrieta*); *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185 ["All" PAGA claims "are brought on the state's behalf"].) The aggrieved employee "is asserting a 'claim[] belonging to a government agency.' " (*Turrieta*, at p. 682.)

Because a PAGA claim belongs to the state, appellant did not inherit it. PAGA "does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." (*Amalgamated Transit Union, Local 1765, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1003.) The employee "does not own" an interest in a PAGA claim. (*Ibid.*) "The plaintiff is not even the real party in interest in the action— the government is." (*Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 757.)

Aggrieved employees' ability to file a PAGA claim "does not convert the state's interest into their own or render them real parties in interest." (*Turrieta v. Lyft, Inc.* (2021) 69 Cal.App.5th 955, 972, affirmed in *Turrieta, supra,* 16 Cal.5th 664.) The LWDA shares any civil penalty with employees. (Lab. Code, § 2699, former subd. (i) [LWDA receives 75 percent of the penalty, aggrieved employees receive 25 percent of it].)

Appellant cites laws relating to the survival of a cause of action for or against a decedent. (Code Civ. Proc., §§ 377.20, 377.34.) Survivorship laws do not apply to rights belonging to the state government. Accordingly, an aggrieved employee's death necessitates dismissal of his or her PAGA claim. (*Hargrove v. Legacy Healthcare, Inc.* (2022) 80 Cal.App.5th 782, 789–790.) Lemus Sr.'s PAGA claim did not survive him.

Appellant cannot intervene in a representative capacity. (*Turrieta, supra,* 16 Cal.5th 664.) Nor can he intervene to pursue his father's "individual PAGA claim." (See *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 649 [142 S.Ct. 1906, 213 L.Ed.2d 179] [an " 'individual PAGA claim' [refers] to claims based on code violations suffered by the plaintiff"].) As we explained in B341878, appellant cannot prove Lemus Sr. suffered any Labor Code violations. The motion to intervene was properly denied.

## APPEAL NO. B343959

In this appeal, appellant challenges the court's denial of his motion to vacate the judgment. "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated" if the decision has an incorrect legal basis or is not consistent with a special verdict. (Code Civ. Proc., § 663.)

9

Appellant must establish standing to appeal the denial of his motion. "[O]nly parties of record may appeal; consequently one who is denied the right to intervene in an action ordinarily may not appeal from a judgment subsequently entered in the case. [Citations.] Instead, he may appeal from the order denying intervention." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 (*Carleson*).) Appellant challenged the order denying intervention. As discussed in B341875, *ante*, he had no right to intervene and his motion was properly denied.

"'Any party aggrieved'" may appeal a judgment. (Code Civ. Proc., § 902.) "[O]ne who is legally 'aggrieved' by a judgment may become a party of record and obtain a right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. [Citations.] One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment. [Citations.] [The] interest '"must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment.'" (*Carleson, supra,* 5 Cal.3d at pp. 736–737.)

Our Supreme Court has determined that when employees settle a PAGA suit, coworkers with parallel PAGA suits cannot move to vacate the judgment. Oversight of PAGA actions lies with the courts and LWDA; nothing suggests the Legislature intended to allow one aggrieved employee "to move to vacate a judgment obtained by another aggrieved employee—representing the same state interest—after a proposed settlement has been submitted for review to both the trial court and the LWDA, and the court has determined that the proposed settlement 'is fair to those affected.'" (*Turrieta, supra,* 16 Cal.5th at p. 711.) Absent a

10

right to vacate the Settlement, appellant is not aggrieved and has no standing to appeal the denial of his motion to vacate.

Even if appellant has standing to appeal, his claims cannot succeed. He writes, "The issue in this appeal is whether a successor in interest to his deceased father's claims under [PAGA] may seek to vacate a judgment in a later-filed, overlapping PAGA action." As discussed in B341878 and B341875, appellant has no personal interest in PAGA penalties and cannot pursue his father's claims. His motion to vacate was properly denied.

## DISPOSITION

The orders in B341875 and B343959 are affirmed.
Respondents are entitled to recover their costs on appeal.
NOT TO BE PUBLISHED.


                                    CHAVEZ, Acting P. J.

We concur:



RICHARDSON, J.



GOORVITCH, J.*

---

&ast; Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.